LEONARD T. FINK, ESQ.
Nevada Bar No. 6296
MICHAEL A. ARATA, ESQ.
Nevada Bar No. 11902
**SPRINGEL & FINK LLP**
9075 W. Diablo Drive, Suite 302
Las Vegas, Nevada 89148
Telephone: (702) 804-0706
E-Mail: lfink@springelfink.com
marata@springelfink.com

Attorneys for Defendant,
*LVNV FUNDING, LLC*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| JAMES KELLY,<br><br>　　　　　　　　Plaintiff,<br><br>vs.<br><br>LVNV FUNDING, LLC; EQUIFAX INFORMATION SERVICE, LLC,<br><br>　　　　　　　　Defendants. | Case No.: 2:22-cv-00135-JCM-NJK<br><br>**DEFENDANT LVNV FUNDING, LLC'S ANSWER TO COMPLAINT** |

Defendant LVNV Funding, LLC ("Defendant"), by and through its undersigned counsel, hereby states its answer and affirmative defenses to the Complaint of Plaintiff James Kelly ("Plaintiff") as set forth below:

**INTRODUCTION**[1]

1. Answering Paragraph 1, the allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis, denies them. Additionally, Defendant denies any inference that it violated the Fair Credit Reporting Act ("FCRA").

2. Answering Paragraph 2, the allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, Defendant lacks knowledge or

---

[1] The Complaint's headings are repeated herein for organizational purposes only, but should be considered denied.

information sufficient to form a belief as to the truth of the allegations, and on that basis, denies them. Additionally, Defendant denies any inference that it violated the FCRA.

3. Answering Paragraph 3, Defendant admits only that Plaintiff's Complaint purports to allege violations of the FCRA. Defendant denies any express or implied allegation of wrongdoing and specifically denies violating the FCRA.

4. Answering Paragraph 4, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis, denies them.

5. Answering Paragraph 5, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis, denies them.

6. Answering Paragraph 6, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis, denies them.

7. Answering Paragraph 7, Defendant denies the allegations.

8. Answering Paragraph 8, Defendant denies the allegations.

**JURISDICTION AND VENUE**

9. Answering Paragraph 9, the allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis, denies them.

10. Answering Paragraph 10, Defendant admits only that Plaintiff's Complaint purports to allege violations of the FCRA. Defendant denies any express or implied allegation of wrongdoing and specifically denies violating the FCRA.

11. Answering Paragraph 11, the allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis, denies them.

**PARTIES**

12. Answering Paragraph 12, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis, denies them.

13. Answering Paragraph 14, Defendant admits that LVNV is a Delaware limited liability company with a principal office located at 6801 South Cimarron Road, Suite 424-J, Las Vegas, Nevada.

The remaining allegations of this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis, denies them.

14. Answering Paragraph 14, the allegations in this paragraph constitute legal conclusions to which no response is required.

15. Answering Paragraph 15, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis, denies them.

16. Answering Paragraph 16, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis, denies them.

## THE EQUIFAX VIOLATIONS

17. Answering Paragraph 17, Defendant denies these allegations.

18. Answering Paragraph 18, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis, denies them.

19. Answering Paragraph 19, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis, denies them.

20. Answering Paragraph 20, Defendant denies these allegations.

21. Answering Paragraph 21, the allegations in this paragraph constitute legal conclusions to which no response is required.

22. Answering Paragraph 22, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis, denies them.

23. Answering Paragraph 23, Defendant denies these allegations.

24. Answering Paragraph 24, Defendant denies these allegations.

25. Answering Paragraph 25, Defendant denies these allegations.

26. Answering Paragraph 26, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis, denies them.

27. Answering Paragraph 27, Defendant denies these allegations.

28. Answering Paragraph 28, Defendant denies these allegations.

29. Answering Paragraph 29, Defendant denies these allegations.

30. Answering Paragraph 30, Defendant denies these allegations.

31. Answering Paragraph 31, Defendant denies these allegations.

32. Answering Paragraph 32, Defendant denies these allegations.

## PLAINTIFF'S DAMAGES

33. Answering Paragraph 33, Defendant denies these allegations, and further denies that Plaintiff suffered any damages whatsoever.

## VIOLATION OF THE FAIR CREDIT REPORTING ACT, 15 U.S.C. § 1681

34. Answering Paragraph 34, Defendant repeats, realleges, and incorporates by reference all other answering paragraphs, as if set forth fully herein.

35. Answering Paragraph 35, Defendant denies these allegations.

36. Answering Paragraph 36, Defendant denies these allegations, and further denies that Plaintiff is entitled any damages whatsoever.

37. Answering Paragraph 37, Defendant denies these allegations, and further denies that Plaintiff is entitled any damages whatsoever.

## PRAYER FOR RELIEF

38. Answering Paragraph 38 and each bullet point therein, Defendant denies the allegations. Defendant further denies that Plaintiff is entitled to the requested relief or to any other relief whatsoever.

## JURY DEMAND

39. Answering Paragraph 39, Defendant admits that Plaintiff requests trial by jury. The remaining allegations consist of legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations to the extent that they misstate the law.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

1. Plaintiff fails to state a claim upon which relief can be granted against Defendant.

### SECOND AFFIRMATIVE DEFENSE

2. Defendant is entitled to a set-off against any award to Plaintiff.

### THIRD AFFIRMATIVE DEFENSE

3. Plaintiff's claims are barred in whole or in part by the applicable statute of limitations.

**FOURTH AFFIRMATIVE DEFENSE**

4. Plaintiff is barred from obtaining the relief sought in the Complaint by the doctrines of estoppel, waiver, unclean hands, laches, or other equitable doctrines.

**FIFTH AFFIRMATIVE DEFENSE**

5. Plaintiff's claims are barred in whole or in part because Plaintiff has failed to mitigate his alleged damages, if any.

**SIXTH AFFIRMATIVE DEFENSE**

6. Plaintiff has waived any and all claims, rights and demands made in the Complaint.

**SEVENTH AFFIRMATIVE DEFENSE**

7. Plaintiff's claims may be barred because any alleged acts or omissions of Defendant giving rise to Plaintiff's claims, if any, were the result of an innocent mistake and/or bona fide error notwithstanding reasonable procedures implemented by Defendant to avoid any such acts or omissions. Defendant at all times acted in a reasonable manner in connection with the transactions at issue in this action.

**EIGHTH AFFIRMATIVE DEFENSE**

8. Plaintiff's claims may be barred because the acts or omissions of which Plaintiff complains have been approved or mandated, implicitly or expressly, by applicable statutes and regulations.

**NINTH AFFIRMATIVE DEFENSE**

9. Plaintiff's claims may be barred because Defendant at all times complied in good faith with all applicable statutes and regulations.

**TENTH AFFIRMATIVE DEFENSE**

10. Defendant specifically denies that it acted with any willfulness, oppression, or malice towards Plaintiff.

**ELEVENTH AFFIRMATIVE DEFENSE**

11. If Plaintiff suffered or sustained any loss, injury, damage or detriment, it was directly and proximately caused and contributed to by the breach, conduct, acts, omissions, activities, carelessness, recklessness, negligence, or intentional misconduct of others, and not by Defendant.

///

**TWELFTH AFFIRMATIVE DEFENSE**

12. If Plaintiff suffered or sustained any loss, injury, damage or detriment, it was directly and proximately caused and contributed to by the intervening acts of others, and not by Defendant.

**THIRTEENTH AFFIRMATIVE DEFENSE**

13. If Plaintiff prevails against Defendant, each Defendant's liability is several and limited to its own actionable segment of fault, if any.

**FOURTEENTH AFFIRMATIVE DEFENSE**

14. Plaintiff did not suffer concrete harm and thus does not have Article III standing. *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2197 (2021) (Article III standing requires a concrete injury even in the context of a statutory violation).

**FIFTEENTH AFFIRMATIVE DEFENSE**

15. Defendant specifically gives notice that it intends to rely upon such other defenses as may become available by law, or pursuant to statute, or during any further discovery proceedings of this case, and hereby reserves the right to amend its Answer and assert such defenses.

WHEREFORE, Defendant prays for judgment as follows:

1. That Plaintiff takes nothing from Defendant by way of the Complaint;
2. For costs of suit herein;
3. For attorney's fees to the extent available by law or contract; and
4. For such other and further relief as this Court may deem just and proper.

DATED this 18th day of March, 2022

        SPRINGEL & FINK LLP

        */s/ Leonard T. Fink*
By: _____
        LEONARD T. FINK, ESQ.
        Nevada Bar No. 6296
        MICHAEL A. ARATA, ESQ.
        Nevada Bar No. 11902
        9075 W. Diablo Drive, Suite 302
        Las Vegas, Nevada  89148
        Attorneys for Defendant,
        *LVNV FUNDING, LLC*

**CERTIFICATE OF SERVICE**
**James Kelly v. LVNV Funding, LLC, et al.**
**U.S.D.C. Case No. 2:22-cv-00135-JCM-NJK**

STATE OF NEVADA        )
                       ) ss.
COUNTY OF CLARK        )

I, Ella Wilczynski, declare:

I am a resident of and employed in Clark County, Nevada. I am over the age of eighteen years and not a party to the within action. My business address is 9075 W. Diablo Drive, Suite 302, Las Vegas, Nevada, 89148.

On **March 18, 2022**, I served the document described as ***DEFENDANT LVNV FUNDING, LLC'S ANSWER TO COMPLAINT*** on the following parties:

| ☒ | VIA ELECTRONIC SERVICE: by submitting the foregoing to the United States District Court for the District of Nevada's ECF-filing System for Electronic Service upon the Court's Service List pursuant to Rule26(a)(1). The copy of the document electronically served bears a notation of the date and time of service. The original document will be maintained with the document(s) served and be made available, upon reasonable notice, for inspection by counsel or the Court. |
| --- | --- |
| ☐ | VIA U.S. MAIL: by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the United States mail at Las Vegas Nevada. I am "readily familiar" with the firm's practice of collection and processing correspondence by mailing. Under that practice, it would be deposited with the U.S. postal service on that same day with postage fully prepaid at Las Vegas, Nevada in the ordinary course of business. |
| ☐ | VIA FACSIMILE: by transmitting to a facsimile machine maintained by the person on whom it is served at the facsimile machine telephone number at last given by that person on any document which he/she has filed in the cause and served on the party making the service. The copy of the document served by facsimile transmission bears a notation of the date and place of transmission and the facsimile telephone number to which transmitted. A confirmation of the transmission containing the facsimile telephone numbers to which the document(s) was/were transmitted will be maintained with the document(s) served. |

I declare under penalty of perjury that the foregoing is true and correct.

*/s/ Ella Wilczynski*

An employee of Springel & Fink LLP